IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Edwin Daniels, | ) | No. CV 04-717-PHX-MHM (HCE) |
| | ) | |
| Petitioner, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| John Ashcroft; et. al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

On April 12, 2004 Petitioner, through counsel,[1] filed the instant "Petition for Writ of Habeas Corpus With a Stay of Deportation" pursuant to 28 U.S.C. § 2241. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Nancy Fiora. On July 9, 2005, this matter was referred to the undersigned Magistrate Judge in light of Magistrate Judge Fiora's retirement.

On August 14, 2006, Petitioner filed a Motion to Dismiss as Moot.  For the following reasons, the Magistrate Judge recommends that the District Court grant Petitioner's Motion.

# I.    DISCUSSION

When Petitioner, who is a native and citizen of Liberia, filed his Petition, he was in the physical custody of the Department of Homeland Security (hereinafter "DHS").  The Court ordered that Respondents were prohibited from removing Petitioner until after the Court resolved the underlying Petition.  (*See* April 13, 2004, April 26, 2004, and May 11, 2004 Orders)  On May 12, 2004, Petitioner filed a Notice informing the Court that he had

---

[1]Subsequent to the filing of the Petition, Petitioner's counsel filed a Motion to Withdraw as counsel of record due to her "interim suspension from the Arizona State Bar." (April 18, 2005).  On May 2, 2005, the Court granted counsel's Motion to Withdraw and permitted substitution of Petitioner's current counsel in her stead.  (April 28, 2005 and May 9, 2005 Orders)

filed a Motion to Re-Open with the Immigration Court in Atlanta, Georgia.  A March 2, 2005 status report filed by Petitioner's then counsel indicated that the Motion to Re-Open remained pending before the Immigration Court and that Petitioner was no longer being detained. (Plaintiff's March 2, 2005 Status Update)

On August 14, 2006, in response to the Court's Order for, *inter alia,* a status report, Petitioner, through current counsel, filed the instant Motion to Dismiss as Moot. Petitioner states that the this action is moot given that he is no longer in DHS custody and he is no longer under an immediate threat of removal from the United States.  Petitioner also asserts that "any further relief from removal" that he may seek "is through the DHS or the appropriate immigration court with any necessary appeals to the Board of Immigration Appeals, and finally to the appropriate Circuit Court of Appeals, as prescribed under the Code of Federal Regulation [sic] and 8 U.S.C. § 1252." (Petitioner's August 14, 2006 Brief Addressing Issues in Court's June 13, 2006 Order and Motion to Dismiss as Moot, p.2) Therefore, "Petitioner withdraws his Petition as being moot and requests that the Court order dismissal of this action without prejudice pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure."  (Id. at p.3) (footnote omitted)   The record reflects that Respondents have not opposed Petitioner's Motion.

Rule 41(a)(2) provides in "...an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper....Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed.R.Civ.P. 41(a)(2).  Additionally,  Local Rule 7.2(i) of the Rules of Practice of the U.S. District Court for the District of Arizona provides that the Court may deem a party's failure to respond to a motion as that party's "consent to the...granting of the motion and the Court may dispose of the motion summarily."  On the instant record, Petitioner's Motion should be granted given (1) Petitioner's conclusion that the issues raised in the Petition are moot and/or are more appropriately addressed through the DHS, the immigration

court, and subsequent appellate process pursuant to applicable immigration statutes and regulations; and (2)  Respondents' failure to oppose such Motion.

## II.      RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court grant Petitioner's Motion to Dismiss (Doc. No. 26) and enter an order dismissing this action without prejudice.

Pursuant to 28 U.S.C. §636(B), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number:  **CV 04-717-PHX-MHM**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

The Clerk of Court is directed to send a copy of this Report and Recommendation to the parties and/or their counsel.

DATED this 26th day of September, 2006.


_____

Héctor C. Estrada
United States Magistrate Judge